**PELICAN WELL TOOL & SUPPLY CO. v. HESTER.**

No. 5434.

Court of Appeal of Louisiana. Second Circuit.

April 30, 1937.

Theodore C. Bergeron, of Farmerville, for appellant.

Truett L. Scarborough, of Ruston, for appellee.

TALIAFERRO, Judge.

Plaintiff seeks judgment for $250, the alleged value of services rendered, labor performed, and materials furnished and used in the overhauling and repairing of a steam engine, cotton press pump, and boiler feed pump of defendant's gin. The engine and pumps were hauled from Choudrant, La., to plaintiff's plant in the city of Monroe, La., where the work was done. They were delivered back to defendant on August 11, 1935. This suit was filed May 12, 1936.

The sole defense urged by defendant is that the charges made for the work are grossly excessive. This issue was resolved against him by the lower court and he has appealed from an adverse judgment.

We are of the opinion that the testimony fairly well preponderates in favor of plaintiff's contention that the hour unit charge was not excessive, but reasonable for services of the character rendered. The record does not sustain the contention that more time was charged for than was actually employed to do the work. The value of the materials furnished to complete the repairing is only a small part of the total bill. Work of the character necessary to put this machinery in order for the season's ginning should be done by expert machinists. In this instance it was done by and/or under the supervision of a machinist of twenty-four years' experience. Defendant was informed that he would be charged $2.50 per hour for all work done. He was not advised, nor did any one know, the numbers of hours that would be required to complete the repairing.

The record discloses that when the boiler and pumps were delivered to defendant after being repaired, he was advised of the amount charged against him therefor and that he registered no protest or objection thereto. He immediately reincorporated the repaired machinery into his gin and used it continuously during the ginning season which followed.

The account when past due several months was intrusted to the Shreveport Wholesale Credit Men's Association in March, 1936, for collection. This association by letter made demand on him for its payment, plus interest. His reply thereto is as follows:

"Choudrant, La.

"3/24—1936.

"Gentlemen:

"In reply to yours will say that I will come to Shreveport in a few days and try to arrange with Pelican Well & Tool Supply Co. for the acct. Yours, E. T. Hester."

He again wrote this association, addressing his letter to its manager, Mr. J. A. B. Smith, on April 16, 1936, as follows:

"Choudrant, La.

"4/16—1936.

"Mr. J. A. B. Smith:

"Dear Sir:

"I was in your town yesterday to see and try to arrange about the acct. I could not locate you in your office or your home. I am busy trying to get planted on the farms.

"I will try to see you Sunday if you will be in Shreveport. Yours resp., E. T. Hester."

As a witness, Mr. Smith testified that defendant in verbal discussion of the account never at any time questioned its correctness or reasonableness, but simply sought time in which to pay it. His answer in this case appears to be the first objection raised by him to the account.

The record as a whole impresses us with the belief that the belated attack on the account on the ground that it is in part unreasonable is merely an afterthought. Defendant does not allege, nor does he seriously attempt to prove, the extent it is unreasonable. The testimony offered by him on this issue is very weak and in in no material way depreciates that adduced by plaintiff.

Judgment affirmed.